1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
2
   MARTHA BOERSCH (CABN 126569)
3  Chief, Criminal Division

4  NEAL C. HONG (ILBN 6309265)
   Assistant United States Attorney
5
        150 Almaden Boulevard, Suite 900
6       San Jose, California 95113
        Telephone: (408) 535-5081
7       neal.hong@usdoj.gov

8  Attorneys for United States of America

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                        SAN JOSE DIVISION

12  UNITED STATES OF AMERICA,          )  CASE NO. CR-22-00348-EJD
                                       )
13        Plaintiff,                   )  THE UNITED STATES' SENTENCING
                                       )  MEMORANDUM
14     v.                              )
                                       )
15  GREGORY LOMELI CABRERA,            )
                                       )
16        Defendant.                   )
                                       )
17  _____)

18                          **INTRODUCTION**

19        In accordance with the plea agreement, and for the reasons stated below, the United States

20  respectfully recommends that the Court sentence Defendant, Gregory Lomeli Cabrera, to a sentence of

21  time served.

22               **BACKGROUND AND RECOMMENDATION**

23        The nature and circumstances of the offense are serious.  Defendant illegally possessed and sold

24  numerous firearms to an undercover ATF agent.  PSR at 8-18.  "A gun is an article that is typically and

25  characteristically dangerous," *McLaughlin v. United States*, 476 U.S. 16, 17 (1986).  As a felon,

26  Defendant's possession of a firearm is a threat to society.  *See United States v. Marzzarella*, 614 F. 3d

27  85, 93 (3rd Cir. 2010) ("Congress sought to…keep guns out of the hands of those who have

28  demonstrated that they may not be trusted to possess a firearm without becoming a threat to society.").

                                    1

1      Had ATF not purchased Defendant's firearm, Defendant's illegally trafficked firearm could have

2  ended up in the hands of gang members or drug traffickers, which could put the public at risk of harm.

3  *See United States v. Cavera*, 550 F.3d 180, 204 (2nd Cir. 2008) (Raggi, J., concurring) (recognizing

4  guns as tools-of-the-trade for organized crime families, numerous large-scale narcotics enterprises, and

5  street gangs); *see also United States v. Carrasco*, 257 F.3d 1045, 1048 (9th Cir. 2001) ("Firearms are

6  known tools of the trade of narcotics dealing because of the danger inherent in that line of work.")

7      Defendant was arrested on October 22, 2021, by the state.  PSR at 45.  On December 30, 2021,

8  Defendant was brought to federal custody on a *Writ of Habeas Corpus ad Prosequendum.  Id*.

9  Defendant has been in continuous custody for approximately 26 months.  Defendant's advisory

10  Guidelines range is 37-46 months.  A sentence of time served (26 months) is sufficient, but not greater

11  than necessary, to comply with 18 U.S.C. § 3553.

12      A time-serve sentence takes into consideration the nature and circumstances of the offense,

13  promoting respect for the law, the need to provide just punishment for the offense, deterrence to criminal

14  conduct, and Defendant's personal history and characteristics.  According to the PSR, Defendant

15  recently started abusing opioids before he was arrested.  *See* PSR at 77.  This played a part in his

16  conduct for which he suffered greatly from the resulting loss of his freedom.  While in custody,

17  Defendant tragically lost his father to cancer in May 2023.  PSR at 68.

18      While in custody, Defendant graduated from a substance abuse class.  PSR at 77.  Defendant also

19  "is interested in receiving services in the future."  *Id*.  It appears that 26 months of custody has

20  influenced his behavior towards drugs.  Additionally, he appears to have strong family support, which is

21  important for Defendant's reintegration into society.  *See* PSR 61-70.  After taking all of the above into

22  consideration, the Government respectfully submits that a sentence of time served is appropriate in this

23  case.

24

25

26

27

28

2

1

**CONCLUSION**

2      For the reasons stated above the United States respectfully recommends that the Court sentence

3    Defendant to a sentence of time served followed by 3 years of supervised release.

4
         DATED: January 2, 2024
5
                                                    Respectfully submitted,
6
                                                    ISMAIL J. RAMSEY
7                                                   United States Attorney

8
                                                    /s Neal Hong
9                                                   NEAL C. HONG
                                                    Assistant United States Attorney
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28